**UNITED STATES of America, Appellee**

v.

**LeJeezan TOUDLE, Appellant.**

No. 05–3069.

United States Court of Appeals, District of Columbia Circuit.

Oct. 19, 2006.

Roy Wallace McLeese, III, Elizabeth Harper Danello, Assistant U.S. Attorneys, U.S. Attorney's Office, Criminal Appellate, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Civil Appellate, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Beverly Gay Dyer, Assistant Federal Public Defenders, Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, Circuit Judge, and EDWARDS and WILLIAMS, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court is hereby affirmed.

During a valid traffic stop, a police officer asked appellant for his license and registration. Appellant replied that he did not have a registration certificate because he had just purchased the car, and that the license plate displayed "belonged to another vehicle of his." The officer told appellant that it is illegal to drive an unregistered vehicle and asked him to step out of the car. When appellant did so, a 22–caliber Rohm lay in plain view. A jury convicted appellant of being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1).

Appellant challenges the District Court's denial of his motion to suppress the firearm on the grounds that the facts known to the officer at the time of arrest did not support probable cause justifying appellant's arrest. The uncontested facts, however, amply support the arrest. After hearing appellant's statements, a reasonable officer would believe that he drove an unregistered vehicle and did not possess a registration certificate i n violation of two separate provisions of the D.C.Code. See § 50–1501.04(a)(1)(A), (C). Appellant does not doubt that, with probable cause, he could be arrested for violations of these provisions. Rather, appellant argues, for the first time on appeal, that the officer should not have applied § 50–1501.04(a)(1) to a Maryland resident in the process of transferring registration to a newly acquired vehicle. We need not ponder whether appellant's claim comes too late, because it is plainly meritless. Appellant's statements to the officer did not indicate that he was "transferring" plates from an old car to a new one. Had he so informed the officer, this might have put him within the compass of the Maryland law that he now cites. See COMAR § 11.15.11.02(A)(3) ("Registration plates acquired by any person, for any vehicle owned by that person, may be transferred to a newly acquired vehicle provided: ... [t]he vehicle from which the plates are to be transferred has been sold, traded, junked, or otherwise disposed of."). Appellant told the officer that the plate on the car that he was driving belonged to another car of his, not to a vehicle that had "been sold, traded, junked, or otherwise disposed of." In these circumstances, the officer acted reasonably, and with probable cause, in arresting appellant for violations of the D.C.Code. In sum, because the officer had probable cause to arrest appellant for violations of District of Columbia law, there is no merit to his claim that the District Court improperly admitted the firearm that lay in plain view once appellant exited the car after he had been put under arrest. See Horton v. California, 496 U.S. 128, 133–36, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) (discussing the plain

view doctrine); *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) ("[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.").

Appellant also argues that the District Court abused its discretion in admitting evidence that he had recently been shot. This evidence was obviously relevant and probative, *see* FED.R.EVID. 402, because being shot increases the probability that a person will arm himself for protection, *see* FED. R. EVID. 401 (defining evidence as relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Therefore, the evidence regarding appellant's gunshot wound was properly admitted to suggest motive. And we cannot say that the District Court abused its discretion in applying Federal Rule of Evidence 403 and concluding that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence.

Since the District Court neither erred in admitting the firearm nor abused its discretion in admitting evidence that appellant had been shot, we affirm appellant's conviction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.